JUDGE LINDSAY
delivered the opinion oe the court.
“ The taking of bail consists in the acceptance by a competent court, magistrate, or officer of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the commonwealth the specified sum.” (Criminal Code of Practice, sec. 68.)
*552 “No bail bond or bail recognizance shall be deemed to be invalid by reason of any variance between its stipulations and the provisions of this Code,.... so that it be made to appear that the defendant was legally in custody charged with a public offense, and that he was discharged therefrom by reason of the giving of the bond or recognizance, and that it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for an examination of the charge, or before a court for the trial thereof.” (Criminal Code, sec. 80.)
In this case it does appear that the defendant was legally in custody, charged with the crime of .forgery, and that he was discharged by reason of the giving by appellees of the undertaking upon which this proceeding is based.
It can be ascertained from the bond that appellees undertook that the defendant should appear “ in the Lebanon Police Court on the 12th day of September, 1871, to answer said charge, and would at all times render himself amenable to the orders and process of said court.”
The only variance between the stipulations of this bond and the provisions of the Criminal Code is the omission of the concluding undertaking that if the defendant failed to perform either of the conditions of the bond, appellees would pay to the commonwealth the amount of the bail.
This omission is not so material as to render the bond invalid. It (the bond) shows upon its face that appellees “ undertook that the defendant should appear before a magistrate for an examination of the charge.”
Upon the failure of defendant so to appear the law imposed upon appellees the obligation to pay the amount of the bail, and the provisions of the 80th section of the Criminal Code were intended to apply to just such informal undertakings as this one.
The defect in the recognizance in the case of Roberts v. *553 Commonwealth (7 Bush, 430) was that it did not show that the bail undertook that the accused should appear before a magistrate .or court, but merely that it was “ conditioned as the law directs.”
The judgment of the circuit court' is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
Chief Justice Hardin does not concur.